| | |
|---|---|
| **RAUL ESPINAL** | **CIVIL ACTION** |
| **VERSUS** | **No. 07-7354** |
| **FIDELITY NATIONAL INSURANCE COMPANY et al.** | **SECTION I/1** |

## ORDER AND REASONS

Before the Court are two motions filed on behalf of plaintiff, Raul Espinal ("Espinal"). The first is a motion for reconsideration[1] of the court's order dismissing defendant Lisa Areaux ("Areaux") from this case. The second is a motion for default against Areaux.[2] For the following reasons, the first motion is **DENIED** and the second motion is **DISMISSED AS MOOT**.

## *BACKGROUND*

This case arises out of damages to Espinal's home sustained during Hurricane Katrina. For purposes of deciding the present motions, however, the relevant facts are confined to Espinal's various attempts to serve defendant Areaux and, when faced with a series of call docket hearings, his subsequent attempts to obtain an entry of default against her. The Court recites those facts below.

---

[1] R. Doc. No. 44.

[2] R. Doc. No. 46.

1

The complaint was filed in the Twenty-Fourth Judicial District Court, Jefferson Parish, Louisiana on October 10, 2007.[3] Espinal sued Fidelity National Insurance Company, State Farm Insurance Company, and Lisa Areaux. On October 25, 2007, this matter was removed to this Court. On July 1, 2008, the Court set a call docket hearing for July 24, 2008, ordering Espinal's counsel to provide good cause why the case against Areaux should remain on the docket.[4] On July 23, 2008, Espinal filed proof of service of the complaint upon Areaux into the record and the call docket was satisfied.[5]

To date, Areaux has not answered the complaint.[6] On November 12, 2008, the Court set a call docket hearing for December 11, 2008, once again ordering Espinal's counsel to provide good cause why the case against Areaux should remain on the docket. When Espinal's counsel failed to appear on December 11, the Court dismissed without prejudice the case against Areaux.[7]

On December 19, 2008, Espinal filed a motion for reconsideration of the dismissal order. On December 23, 2008, Espinal filed a motion for default against Areaux.

---

[3] R. Doc. No. 1-2.

[4] See R. Doc. No. 26.

[5] R. Doc. Nos. 32, 34.

[6] On September 22, 2008, Espinal was granted leave to file an amended complaint. See R. Doc. No. 39. There is no proof of service of the amended complaint upon Areaux in the record. The purpose of the December 11 call docket hearing was, therefore, twofold: to provide Espinal an opportunity to explain why no motion for entry of default had been filed and why no service of the amended complaint had been made.

[7] R. Doc. No. 42.

*LAW AND ANALYSIS*

## I.    Motion for Reconsideration

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration.  Bass v. U.S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000).  A motion for reconsideration filed within ten days of the district court's judgment will be recharacterized as a motion to alter or amend the judgment and construed pursuant to Rule 59(e).  Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n.10 (5th Cir. 1998).

A Rule 59(e) motion "serve[s] the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'"  Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (quoting Keene Corp. v. Int'l Fidelity Ins. Co., 561 F. Supp. 656, 665 (N.D. Ill. 1982)).  A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e).  Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990).

## II.    Discussion

It was incumbent upon Espinal's counsel, James E. Shields, Jr. ("Shields"), either to obtain an entry of default against Areaux prior to the December 11 call docket hearing, or to attend the hearing and explain his failure to do so.  He did neither.  Presently, it is incumbent upon Shields to provide some good reason explaining those failures.

Shields advances two primary reasons why the Court should grant his motion.[8]  First, he

---

[8] Shields states that his client was initially represented by a different attorney that withdrew the day before an earlier call docket hearing in February 2008.  This fact is irrelevant to the question at hand.

cites his client's recent illness and inability to "assist his counsel."[9] Second, Shields states that he "did not know that the issue on the call docket for December 11, 2008 was not satisfied."[10]

With respect to the first argument, the Court expresses sympathy for Espinal's medical condition.[11] However, whether his client is or is not able to "assist" him has no bearing on Shields's failure to satisfy the call docket. Indeed, it is unclear what Espinal himself could have done to help Shields satisfy the call docket. The terms of the November 12 order setting the call docket were clear. They did not require Shields to confer with his client. This argument lacks merit.

Shields's second argument is similarly unpersuasive. Shields does not explain why he thought the December 11 call docket was satisfied. Moreover, if he believed the call docket had been satisfied, there was all the more reason to appear as ordered and explain why the case should not be dismissed. Shields's vague claim that he did not comprehend the import of the call docket is not a valid excuse.

Shields does not argue that the Court's dismissal suffered from "manifest errors of law or fact." Waltman, 875 F.2d at 473. Because Shields has provided no good cause for his failure to appear at the call docket hearing as ordered, the Court declines to reconsider its dismissal of Espinal's case against Areaux.

---

[9] R. Doc. No. 44 at 2.

[10] Id. at 3.

[11] Shields states that Espinal is currently suffering from a terminal illness.

4

## III.    Conclusion

Accordingly,

**IT IS ORDERED** that the motion to reconsider[12] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for default[13] is **DISMISSED AS MOOT**.

New Orleans, Louisiana, December 31, 2008.

_____
              LANCE M. AFRICK
       UNITED STATES DISTRICT JUDGE

---

[12] R. Doc. No. 44.

[13] R. Doc. No. 46.

5